**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**    )  <br>            Plaintiff    ) <br>    ) <br> v.    ) <br>    ) <br> **ABDUL SATAR. #33369-077,**    ) <br>            Defendant/Movant.    ) | **3:99-CR-331-G** <br> **(3:05-CV-1268-G)** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a motion to vacate, set aside, or correct sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is an inmate in the federal prison system. He is presently incarcerated at the Federal Correction Institution in Texarkana, Texas. No process has been issued in this case.

Statement of the Case:  Following his plea of not guilty, a jury convicted Movant of narcotics possession and aiding and abetting in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. United States v. Satar, 3:99cr331-G (N.D. Tex.). Punishment was assessed at 136 months imprisonment and a four-year term of supervised release. The Fifth Circuit Court of Appeals affirmed the judgment of conviction with modification in the supervised release term   Satar v.

United States, No. 00-10533 (5th Cir. 2001).

Movant filed one prior § 2255 motion on November 14, 2001.  See United States v. Satar, 3:01cv2289-G (N.D. Tex.).  On July 16, 2002, the District Court adopted the findings, conclusions and recommendation of the magistrate judge, and denied the § 2255 motion.  The Fifth Circuit denied a certificate of appealability in January 2003.  See No. 02-10878.

In this second § 2255 motion, Movant challenges his sentence on the basis of the Supreme Court's recent decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005).

.       Findings and Conclusions:  28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255 ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, provide that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court.  See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).

Movant does not dispute that he previously filed a § 2255 motion that was denied on the merits.  Relying on 28 U.S.C. § 2255 ¶ 6(3), he argues that the present motion is not second or successive because it is based on a newly recognized statutory right.  (§ 2255 Mot. at 1-2).

Movant's claim is unpersuasive.  Paragraph 6(3) provides that the one-year statutory period for filing a § 2255 motion runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  While paragraph 6(3) is

2

applicable to "'all motions' under § 2255, initial motions as well as second or successive ones,"

Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478, 2482-2483 (2005), it does not obviate the

leave-to-file requirement for second or successive motions in § 2255 ¶ 8. In Dodd, the Supreme

Court stated as follows:

> We recognize that the statute of limitations in ¶ 6(3) makes it difficult for applicants filing second or successive § 2255 motions to obtain relief. The limitation period in ¶ 6(3) applies to "all motions" under § 2255, initial motions as well as second or successive ones. Section 2255, ¶ 8(2), narrowly restricts an applicant's ability to file a second or successive motion. An applicant may file a second or successive motion only in limited circumstances, such as where he seeks to take advantage of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255, ¶ 8(2). Dodd points out that this Court rarely decides that a new rule is retroactively applicable within one year of initially recognizing that right. Thus, because of the interplay between ¶¶ 8(2) and 6(3), an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year.
> 
> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted. "[W]hen the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (internal quotation marks omitted). See also Tyler v. Cain, 533 U.S. 656, 663, n. 5, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) ("[E]ven if we disagreed with the legislative decision to establish stringent procedural requirements for retroactive application of new rules, we do not have license to question the decision on policy grounds"). The disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.

125 S.Ct. at 2482-83.

Since Movant filed a previous motion under § 2255, which was denied, this court lacks

jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the

Court of Appeals for the Fifth Circuit. See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999);

3

United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).  Therefore, this § 2255 motion should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).[1]

---

[1] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255.

The Fifth Circuit recently denied a motion for leave to file a successive § 2255 motion raising a Booker claims.  See In re Elwood,  408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam).  In so ruling, the Fifth Circuit held that the United States Supreme Court did not make Booker retroactive to cases on collateral review for purposes of a successive motion under § 2255.  Id.

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be dismissed for want of jurisdiction, but without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The clerk will mail a copy of this recommendation to Movant.

Signed this 20th day of July, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.